# UNITED STATES DISTRICT COURT
for
NORTHERN DISTRICT OF CALIFORNIA
San Francisco Venue

Scan

## Report on Offender Under Supervision

| | | |
|---|---|---|
| Name of Offender: | Patrice Kelly Sims | Docket No.: CR 05-0562-01 SI |
| Name of Sentencing Judge: | Stephen N. Limbaugh<br>United States District Judge<br>Eastern District of Missouri | FILED<br>MAR X 7 2006<br>RICHARD W. WIEKING<br>CLERK U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |
| Date of Original Sentence: | August 2, 2001 | |

Original Offense:
Count One: Possession with Intent to Distribute Heroin, 21 U.S.C. § 841(a), a Class B felony

Original Sentence: 75 months custody, five year term of supervised release.
Special Conditions: Special assessment $100; drug/alcohol treatment; no alcohol.

On August 31, 2005, jurisdiction was transferred to the Northern District of California.

Type of Supervision: Supervised Release        Date Supervision Commenced: August 19, 2005
Assistant U.S. Attorney: To Be Assigned        Defense Counsel: To Be Assigned (AFPD)

## Petitioning the Court to Take Judicial Notice
### Cause

Charge Number        Violation

One        There is probable cause to believe that the offender violated the general condition of supervision, which states that she shall refrain from any unlawful use of a controlled substance.

> On September 14 and October 13, 2005, the offender submitted urinalysis samples at the probation office which returned positive for the presence of cocaine. Evidence of the alleged violation is available through a review of Quest Diagnostics laboratory report no. A00091651, and Scientific Testing Laboratory test result no. A00091654, respectively.

NDC-SUPV-FORM 12A 03/23/05

Patrice Kelly Sims                                                                                           Page 2
CR 05-0562-01 SI

| | |
|---|---|
| Two | There is probable cause to believe that the offender violated special condition number two, which states, in part, that she shall participate in a program of alcohol/drug treatment, which may include testing. |

> On November 22, 2005, December 29, 2005, and January 21, 2006, the offender failed to report for urinalysis testing at Weyland Consultation Services, as instructed. Evidence of the alleged violations is available through faxes received from Weyland Consultation Services on November 22, 2005, December 29, 2005, and January 22, 2006, respectively.
>
> On October 3 and 10, 2005, and on November 9, 16 and 23, 2005, the offender failed to participate in group substance abuse treatment at Weyland Consultation Services, as instructed. Evidence of the alleged violations is available through a review of the monthly treatment reports for October and November 2005.

| | |
|---|---|
| Three | There is probable cause to believe that the offender violated the general condition of supervision, which states that she shall refrain from any unlawful use of a controlled substance. |

> On February 24, 2006, the offender submitted a urinalysis sample at the probation office which tested presumptively positive for cocaine. The sample was mailed off for confirmation, and has not yet been returned; however, in an office visit on March 1, 2006, the offender admitted to me that she had used cocaine.

**Action Taken and Reason**

The offender reported she failed to attend two group treatment sessions in October 2005 due to the fact that she did not have a ride, and was afraid to return to the Potrero Hill neighborhood after dark, citing the crime that takes place there. It is noted; however, that she did attend two sessions later in the month. Again, in November 2005, she failed to attend three groups due to lack of transportation, although it is noted that she was given a MUNI Fast Pass by the undersigned, and did manage to attend one group. The offender would typically use the Fast Pass to travel to treatment, but preferred a ride home in a vehicle due to the distance she would have to walk from the bus stop to her home. It is noted that the undersigned is sympathetic to her safety concerns.

In late November 2005, the undersigned confronted the offender on suspicions that she was continuing to use drugs. The offender admitted that she was continuing to use cocaine, on occasion, and needed help stopping, especially in light of the fact that she was several months pregnant. She was referred to Jelani House residential treatment program, which provides services for pregnant

Patrice Kelly Sims  Page 3
CR 05-0562-01 SI

women and women with children, and entered treatment there on November 25, 2005. Unfortunately, the offender was terminated from the program on December 12, 2005, as her counselor felt that there were "more women who were actually addicts who could benefit from treatment at Jelani House."

It is noted that she provided a urinalysis sample in the probation office on January 31, 2006, which tested negative for the presence of drugs; however, on February 24, 2006, she provided a sample which tested presumptively positive for cocaine. In addition, in an office visit on March 1, 2006, she admitted continuing to use cocaine, and she was referred by the undersigned to a minimum of 90 days of residential substance abuse treatment at Marin Services for Women. In light of all of the above, it is respectfully recommended that the Court take judicial notice of the alleged violations, and take no further action at this time.

Assistant U.S. Attorney Audra Ibarra has been notified and there are no objections.

Address of offender:    960 Connecticut
                        San Francisco, CA 94107

Respectfully submitted,                    Reviewed by:

_____                  _____
Jennifer J. James                          Sheila John
U.S. Probation Officer Specialist          Supervisory U.S. Probation Officer

Date Signed: March 1, 2006

---

THE COURT ORDERS:
☒ The Court concurs and takes judicial notice
☐ Submit a request to modify supervision
☐ Submit a request for warrant
☐ Submit a request for summons
☐ Other:

3/6/06                                     _____
_____                  Susan Illston
Date                                       United States District Judge